[Cite as *State v. McMullen*, 2016-Ohio-5650.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2014-CA-153 |
| | : | |
| v. | : | T.C. NO. 12CR0778 |
| | : | |
| DONNELL McMULLEN | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___2nd___ day of _____September_____, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, 120 W. Second Street, Suite 333, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

DONNELL McMULLEN, Inmate No. 685751, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Donnell McMullen appeals from the denial of his post-sentencing motion to withdraw his guilty plea.  McMullen's appellate counsel has filed a brief pursuant to

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has found no non-frivolous issues for appeal. Counsel raised as a potential assignment of error that the trial court erred in denying McMullen's motion to withdraw his plea. By entry, we informed McMullen that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. McMullen filed a pro se brief with six potential assignments of error, as well as a supplemental brief with an additional potential assignment of error.

{¶ 2} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 3} In November 2012, McMullen was charged in an 18-count indictment with three counts of kidnapping in violation of R.C. 2905.01(A)(2), three counts of kidnapping in violation of R.C. 2905.01(A)(3), three counts of kidnapping in violation of R.C. 2905.01(A)(4), seven counts of rape in violation of R.C. 2907.02(A)(2), and one count each of assault and aggravated menacing; all of the kidnapping and rape charges contained repeat violent offender specifications.

{¶ 4} The charges concerned three separate incidents that occurred on May 5, 2012; May 13, 2012; and October 23, 2012. According to the bill of particulars, on each of those dates, McMullen threatened a woman with a knife and forced her to perform oral sex and submit to vaginal penetration; the three women were S.B., C.G., and J.D., respectively. During the October 23 incident, McMullen also punched J.D. in the face

and caused her to believe that he would inflict serious physical harm to her by stating that she would not see tomorrow.

{¶ 5} During the pendency of the case, McMullen moved to sever the charges and have three separate trials; the trial court overruled the motion.

{¶ 6} On May 22, 2013, shortly before the scheduled trial date, the State filed a notice of intent under Evid.R. 404(B), indicating that it intended to offer the testimony of other women who had suffered similar harm by McMullen, but who had not reported the incidents to the police until after McMullen was indicted. McMullen moved to prohibit the use of this "other acts" evidence. On May 28, the trial court held a hearing on the "other acts" evidence, primarily on whether the information about the other witnesses was timely disclosed. At the conclusion of the hearing, the trial court precluded the use of one potential witness due to a discovery violation, and it reserved its ruling on whether two other women would be permitted to testify to McMullen's "other acts."

{¶ 7} On the morning of May 29, 2013, when McMullen's jury trial was scheduled to proceed, McMullen pled guilty to three counts of rape (Counts Four, Nine and Fourteen). In exchange for the plea, the State agreed to dismiss the remaining counts and all of the specifications in the indictment. The State also agreed not to prosecute McMullen for any other sexual assault crimes that occurred in 2012, and that it would recommend that the Adult Parole Authority not violate him on his post-release control. The parties further agreed to a sentence of four years on Count Four, four years on Count Nine, and seven years on Count Fourteen. The sentences for Counts Four and Nine would run concurrently, but consecutively to the sentence for Count Fourteen. The trial court accepted McMullen's guilty plea and imposed the agreed sentence. McMullen was

designated a Tier III sex offender.

**{¶ 8}** McMullen did not appeal from his convictions.

**{¶ 9}** On October 24, 2014, more than a year after his plea and sentencing, McMullen filed a pro se motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, based on ineffective assistance of counsel. In a lengthy memorandum, McMullen argued that his trial counsel misinformed him about the admissibility of one complainant's pre-trial accusations against him, that his attorney failed to file a motion to suppress evidence, and that counsel failed to investigate potential witnesses and their prior statements. McMullen further raised that the trial court erroneously denied his motion for relief from prejudicial joinder of the charges, causing him to enter a plea involuntarily.

**{¶ 10}** McMullen supported his motion with an unsigned purported affidavit[1], which stated:

1) At the time I pled guilty, I was not given the opportunity to confront witnesses against me.

2) I am only now aware that the witness against me, [S.B.], was was [sic] actually required to appear in Court under a court ordered Subpoena even though she failed to appear.

3) If I had been given the opportunity to confront witnesses against me on the scheduled trial date, I would not have changed my plea from not guilty to guilty.

4) [Defense counsel] advised me that despite [S.B.] being under a court

---

[1] A signed and notarized copy of this affidavit is attached as Exhibit 1 to McMullen's pro se appellate brief.

ordered subpoena to appear for trial in this case, she did not have to appear and that her prior accusations against me would be admissible despite her failure to take the stand against me.

5) These are the sole reasons I changed my plea from not guilty to guilty.

{¶ 11} On November 24, 2014, the trial court overruled, without a hearing, McMullen's motion to withdraw his guilty plea. The court stated that McMullen had failed to show a manifest injustice, that his plea was entered knowingly, intelligently, and voluntarily, and that the issue of ineffective assistance of counsel should have been raised on direct appeal.

## II. Trial Court Properly Denied McMullen's
## Post-Sentence Motion to Withdraw Guilty Plea

{¶ 12} McMullen appeals from the trial court's judgment overruling his motion to withdraw his guilty plea. He raises seven potential assignments of error, which state:

1. Trial counsel's inept representation of Appellant fell below a reasonable standard undermining appellant's right to effective assistance of counsel and a fair trial process.

2. The State of Ohio's non-disclosure of exculpatory evidence including D.N.A. evidence that was suppressed violated the appellant's right to Due Process of Law as guaranteed him in both state/federal constitutions. (Citations omitted.)

3. The trial court erred as a matter of Law by granting the State[']s request to present similar acts evidence pursuant to Ohio evidence rule 404(B) infecting appellant's entire trial process with error of a constitutional

dimension to his actual prejudice. (Citations omitted.)

4. Appellant was denied his right to confrontation and prior opportunity to cross-examine witnesses against him in violation of his rights guaranteed by the Sixth Amendment to the U.S. Constitution by a mere exception to evidence rule 804. (Citation omitted.)

5. The trial court abused it's [sic] discretion when denying the defense[']s motion for Relief From Prejudicial Joinder, thus allowing all counts tried together to the actual and substantial disadvantage of defendant/appellant and depriving him of a fair trial.

6. The trial court abused its discretion when concluding defendant[']s conduct was Offenses of Dissimilar import pursuant to R.C. 2941.25(B) at penalty phase, violative of appellant's rights as guaranteed him in the fifth and fourteenth Amendments to the US Constitution, Article 1, Section 10 of The Ohio Constitution. (Citation omitted.)

7. The prosecution knowingly entered false testimony contrary to clearly established state/federal law[,] also Appellant's right to Due Process and Equal Protection of Law.

We will address the assignments in a manner that facilitates our analysis.

{¶ 13} Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1; *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 16. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of

application reasonably available to him or her." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

{¶ 14} Ineffective assistance of counsel can provide a basis for seeking a post-sentence withdrawal of a guilty plea. *Wilson* at ¶ 17. "When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show that (1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea." *Id.*; *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 15} Withdrawal of a plea after sentencing is permitted only in the most extraordinary cases. *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "The defendant bears the burden of establishing the existence of a manifest injustice, and whether that burden has been met is an issue within the sound discretion of the trial court." *Wilson* at ¶ 18.

{¶ 16} At the outset, McMullen's third, fourth, and fifth assignments of error concern issues of which McMullen was aware at the time of his plea. In those assignments of error, he asserts that he should have been entitled to withdraw his plea, because the trial court erred in certain pre-plea rulings and because he was not permitted to challenge, through cross-examination, the complainants' anticipated testimony and pretrial statements. With respect to the trial court's rulings, McMullen asserts that the trial court erred in its rulings regarding joinder of the charges and the permissibility of "other acts" witnesses to testify at trial.

{¶ 17} At the time McMullen chose to enter his guilty plea, he knew that the trial court had denied his request for separate trials.   In addition, he was present for the May 28, 2013 pretrial conference, in which the parties and the court discussed the issue of the State's requested use of "other acts" evidence.   Thus, McMullen was aware of the court's handling of these issues, and he chose to plead guilty despite the trial court's rulings.

{¶ 18} At the plea hearing, the trial court informed McMullen of the constitutional rights he was waiving by pleading guilty, and McMullen indicated that he understood that he was waiving those rights by pleading guilty.   Specifically, the following exchange occurred:

THE COURT:   And do you understand that you have the right to a trial in this case?

THE DEFENDANT: Yes.

THE COURT:   At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offenses to which you are pleading guilty, and you could only be convicted upon the unanimous verdict of the jury.

You would have the right to confront witnesses who testify against you, and your attorney could cross-examine those witnesses.   You would have the right to use the Court's subpoena power to compel the attendance of witnesses on your behalf, and you would also have the right to testify, but you could not be forced to do so.   Do you understand all those rights?

THE DEFENDANT: Yes.

THE COURT:   By pleading guilty you would be giving up all of those rights

that we have gone over. Are you telling the Court that you want to give those rights up and plead guilty to three counts of rape?

THE DEFENDANT: Yes.

The record thus reflects that McMullen knowingly, intelligently, and voluntarily entered his guilty plea, with knowledge of the trial court's pretrial rulings and the fact that his guilty plea constituted a waiver of his right to confront and cross-examine the witnesses against him.

{¶ 19} McMullen's sixth assignment of error purports to raise that the trial court erred in determining, at the plea stage, that his offenses were not allied offenses of similar import, but he also challenges the imposition of consecutive sentences. The parties presented the court with an agreed sentence, consisting of a combination of concurrent and consecutive sentences, for an aggregate sentence of 11 years in prison; the trial court ultimately imposed that sentence. The record does not substantiate that the trial court addressed the issue of allied offenses of similar import, either prior to the plea, during the plea hearing, or at sentencing, and even if it had been raised, the facts of this case indicate that the offenses were not allied offenses of similar import. The trial court did determine, prior to the plea, that the charges were properly joined for trial; again, McMullen was aware of this ruling when he decided to enter his guilty plea.

{¶ 20} In his first assignment of error, McMullen claims that his trial attorney provided ineffective assistance, and that counsel's "inept performance" caused him to waive his right to a trial and enter a plea. McMullen asserts that his attorney was deficient in several respects. He states his attorney failed to challenge the reliability and trustworthiness of the three complainants and the two additional similarly-situated

women, and his attorney failed to highlight the inexactitude of the complainants' allegations against him. McMullen further faults his attorney for failing to demand an in camera inspection of the grand jury testimony by the complainants. In addition, McMullen claims that his attorney failed to advocate against the State's desire to include "other acts" evidence, and failed to conduct an investigation into whether the State destroyed materially exculpatory evidence.

{¶ 21} McMullen presented no evidence to the trial court to substantiate his allegations against his trial attorney, and there is nothing in the record to support his claim that his counsel rendered ineffective assistance. Defense counsel received extensive discovery from the State, and trial counsel demanded that the State provide copies of all discoverable material, including copies of material concerning DNA testing done by the Ohio Bureau of Criminal Identification and Investigation. Because DNA evidence linked McMullen to two complainants, defense counsel requested funds so that a forensic DNA expert could be retained; that request was sustained by the trial court. Counsel moved for relief from prejudicial joinder of the counts, so that charges related to the three complainants would be heard separately. When the State filed a "notice of intent under Evid.R. 404(B)," defense counsel filed a responsive memorandum and a separate motion to prohibit the State's use of "other acts" evidence and/or testimony. There is no evidence that counsel failed to adequately investigate the case. Moreover, defense counsel negotiated a favorable plea on an 18-count indictment, with the result that McMullen pled guilty to three charges, all of the additional charges and all specifications were dismissed, he received an agreed aggregate sentence of 11 years, and the State promised not to bring additional charges for other sexual assaults by McMullen in 2012

and to recommend to the Adult Parole Authority that his post-release control not be violated.

{¶ 22} In his second assignment of error, McMullen argues that he should have been permitted to withdraw his plea, because the State failed to collect and disclose exculpatory evidence. McMullen references the May 28, 2015 hearing on the "other acts" witnesses, during which defense counsel argued that he had not received certain discovery about several of these witnesses until a few days before the hearing. There is no evidence that, at the time of McMullen's plea, the State had failed to disclose any exculpatory evidence in its possession. In addition, there is no indication that the police, in bad faith, failed to collect exculpatory evidence.

{¶ 23} Finally, in his seventh (supplemental) assignment of error, McMullen claims that he is entitled to withdraw his plea and have a new trial, because J.D. presented false statements. McMullen states, "In the instant case, the witnesses false testimony was the underlying cause for Appellant to defer Jury Trial, and should be permitted to reexamine [J.D.] since statements by witnesses never called by the Defense and documents (Medical Reports) are incongruent with [J.D.'s] version of events." McMullen's supplemental brief indicates that McMullen considered the possibility that various witnesses, such as J.D., would offer "false testimony" against him when he decided to plead guilty. As discussed above, the record of the plea hearing reflects that McMullen knowingly, intelligently, and voluntarily entered his guilty plea, with knowledge that his guilty plea constituted a waiver of his right to confront and cross-examine witnesses, such as J.D. McMullen's supplemental brief does not demonstrate any arguable manifest injustice, just a change a heart regarding his decision to enter a plea.

{¶ 24} Upon review of the entire record, we find no evidence to suggest that defense counsel, the prosecutor, or the police engaged in conduct that prevented McMullen from entering a knowing, intelligent, and voluntary plea. The record indicates that, with knowledge of the trial court's pretrial rulings and the discovery provided by the State, McMullen chose to plead guilty to three counts of rape. We find nothing in the record, including McMullen's motion to withdraw his plea, to indicate that a manifest injustice has occurred.

{¶ 25} Having reviewed the entire record, we find no arguable merit to McMullen's proposed assignments of error, and we agree with appellate counsel that no non-frivolous claims exist regarding the trial court's denial of McMullen's motion to withdraw his guilty plea.

### III. Conclusion

{¶ 26} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Megan M. Farley
Marcy A. Vonderwell
Donnell McMullen
Hon. Douglas M. Rastatter